### In re GARTNER HANCOCK LUMBER CO.

(Circuit Court, W. D. North Carolina. September 10, 1909.)

BANKRUPTCY (§ 397*)—EXEMPTIONS—PARTNERSHIP PROPERTY.
    Evidence *held* to entitle bankrupt partners to exemption from the partnership property under the statute of North Carolina.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 397.*]

In Bankruptcy. On certificate of referee.

Wm. R. Whitson, for trustee.
Craig, Martin & Thomason, for exemption claimants.

NEWMAN, District Judge. In this case the referee denied to Walter Gartner and Mrs. Mary Hancock, members of the bankrupt partnership, their right to an exemption of $500 each, which they claimed under the Constitution of this state, in so far as the same was claimed out of the partnership assets. I am compelled to differ with the referee as to the conclusion he reached in this matter. I do not think the reasons urged against the exemptions, and the reasons given by the referee for refusing the same, are sufficient.

The referee decided against the right to the exemptions claimed on June 24, 1909, and gave the claimants 15 days in which to institute proceedings for a review of his order. While the exceptions do not appear to have been filed until July 12th, the referee in his certificate says:

"The referee was absent from his office from July 3, 1909, until the 28th day of July, 1909. On my return I found a letter, dated July 9, 1909, written from Bakersville, N. C., inclosing exceptions, signed by Messrs. W. L. Lambert and J. W. Ragland, attorneys for applicants and bankrupts, to my order of June 24th."

It appears, therefore, that there was substantial compliance with the referee's order as to the time within which a review should be sought.

I hardly think the evidence justified the referee in finding that Mrs. Hancock's residence was in Texas. On the contrary, I think it justified, if it did not require, a finding that her residence was in North Carolina.

Neither do I believe the evidence was sufficient to justify the refusal of Gartner's exemption. Even if the matter of the accident insurance money would be sufficient in any event, I am satisfied that the referee took the wrong view as to where the burden is in such matters. I think the burden was on the trustee to show that there was individual property out of which his exemption could be claimed and allowed.

The exemptions seem to have been claimed in the schedules when filed, although there was considerable delay in filing them. Mrs. Hancock claimed her exemptions in $136.50 of household furniture and clothing and $363.50 worth of "logs now on Squirrel creek, Mitchell county, North Carolina." Gartner claimed $34.50 of household furniture, etc., and the remainder of the $500 in "lumber at Powder Mill and Cranberry, North Carolina." As to both of these claims, out of the partnership assets, the logs and the lumber, they should only be allowed in the proportion that the amount realized at the sale of each bears to the appraised value of the logs and lumber. In addition to this, there should be added to the amount of the household furniture claimed by Mrs. Hancock the articles of furniture which she states in her testimony she sold after the petition in bankruptcy was filed, and the exemption out of the partnership assets only allowed after such addition.

The foregoing is subject to the claims made by Griffin and others to the property out of which the exemption is claimed, if their title to the same has been or may be sustained. The referee will properly apportion and fix the costs of administration, in conformity with the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).